```
            IN THE UNITED STATES DISTRICT COURT
              FOR THE DISTRICT OF DELAWARE

ANTHONY WHITE,                  :    CIVIL ACTION
                                :    NO. 08-606
         Plaintiff,             :
                                :
                                :
    v.                          :
                                :
DETECTIVE OFFICER CHRISTIAN     :
BROWN, et al.,                  :
                                :
         Defendants.            :
```

M E M O R A N D U M

EDUARDO C. ROBRENO, J.                              November 12, 2008

I.  BACKGROUND

Plaintiff Anthony White ("Plaintiff"), a prisoner currently confined at the James T. Vaughn Correctional Center in Smyrna, Delaware, filed this lawsuit pursuant to 42 U.S.C. § 1983 alleging violations of his constitutional rights. Plaintiff proceeds pro se and has been granted leave to proceed in forma pauperis.

Liberally construing the complaint, Plaintiff alleges that he was wrongfully arrested by Defendants Delaware State Police Detectives Christian Brown ("Brown") and Kline ("Kline") for a December 24, 2006 robbery. (D.I. 2.) He also alleges that Jesse McCrae ("McCrae"), the security officer of the store that was robbed, wrongfully identified him. Plaintiff alleges that the evidence proves that he could not have committed the crime. It is unclear from the complaint if Plaintiff was convicted,

acquitted, or if the criminal case is on-going.

Plaintiff seeks compensation, appointment of counsel, the return of items taken from his house during the execution of a search warrant,[1] the prosecution of McCrae for making false statements, and reimbursement of legal fees to prove his innocence.  For the reasons that follow, the claim against Defendant Jesse McCrae will be dismissed as frivolous and for failure to state a claim upon which relief may be granted, and Plaintiff will be ordered to advise the Court of the status of his criminal case within twenty (20) days.  The Court will deny without prejudice Plaintiff's request for counsel.

II.  DISCUSSION

    A.  <u>Standard for Sua Sponte Dismissal</u>

When a litigant proceeds <u>in forma pauperis</u>, 28 U.S.C. § 1915 provides for dismissal under certain circumstances.  When a prisoner seeks redress from a government defendant in a civil action, 28 U.S.C. § 1915A provides for screening of the complaint by the Court.  Both 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1) provide that the Court may dismiss a complaint, at any time, if the action is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant immune from such relief.  An action is frivolous if it

---

[1]Plaintiff also consented to the search.

"lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989).

In performing its screening function under § 1915(e)(2)(B), the Court applies the standard applicable to a motion to dismiss under Fed. R. Civ. P. 12(b)(6). Fullman v. Pennsylvania Dep't of Corr., No. 4:07CV-000079, 2007 WL 257617 (M.D. Pa. Jan. 25, 2007) (citing Weiss v. Cooley, 230 F.3d 1027, 1029 (7th Cir. 2000). The Court must accept all factual allegations in a complaint as true and take them in the light most favorable to Plaintiff. Erickson v. Pardus, –U.S.–, 127 S.Ct. 2197, 2200 (2007); Christopher v. Harbury, 536 U.S. 403, 406 (2002). A complaint must contain "'a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Bell Atl. Corp. v. Twombly, –U.S.–, 127 S.Ct. 1955, 1964 (2007); Fed. R. Civ. P. 8. Because Plaintiff proceeds pro se, his pleading is liberally construed and his complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers. Erickson v. Pardus, –U.S.–, 127 S.Ct. 2197, 2200 (2007) (citations omitted).

B. State Actor

Plaintiff alleges that McCrae incorrectly identified him as

3

the perpetrator of the robbery.  To state a claim under 42 U.S.C. §1983, a plaintiff must allege "the violation of a right secured by the Constitution or laws of the United States and must show that the alleged deprivation was committed by a person acting under color of state law."  West v. Atkins, 487 U.S. 42, 48 (1988) (citing Parratt v. Taylor, 451 U.S. 527, 535 (1981), overruled in part on other grounds by Daniels v. Williams, 474 U.S. 327, 330-31 (1986)).  To act under "color of state law" a defendant must be "clothed with the authority of state law."  West, 487 U.S. at 49.

McCrae is the security guard of the private store that was allegedly robbed by Plaintiff.  Quite simply, McCrae is not "clothed with the authority of state law."  See Reichley v. Pennsylvania Dep't of Agric., 427 F.3d 236, 244-45 (3d Cir. 2005); Biener v. Calio, 361 F.3d 206, 216-17 (3d Cir. 2004).  as Therefore, the Court will dismiss the § 1983 claim against McCrae as frivolous and for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915(A)(b)(1).

    C.  False Arrest and Seizure of Property

It appears from the complaint that Plaintiff alleges claims of false arrest and unlawful seizure, in violation of the Fourth

4

Amendment.[2]  Pursuant to Heck v. Humphrey, 512 U.S. 477,(1994) the Court must determine whether a § 1983 claim, "if successful, would have the hypothetical effect of rendering [a] criminal conviction or sentence invalid", and if a judgment for a plaintiff on such a claim would necessarily imply the invalidity of a conviction, then the claim would be barred until the conviction is overturned.  Gibson v. Superintendent of N.J. Dep't of Law & Pub. Safety, 411 F.3d 427, 451-52 (3d Cir. 2005)  As the complaint now stands, the Court cannot determine if Plaintiff's criminal case is on-going or whether Plaintiff was convicted or acquitted in the underlying action.  Therefore, Plaintiff shall advise the Court, within twenty (20) days of the state of the criminal case at issue.

   D.  Request For Counsel

   Plaintiff makes a passing request for counsel.  (D.I. 2, ¶ V.1.)  A pro se litigant proceeding in forma pauperis has no constitutional or statutory right to representation by counsel. See Ray v. Robinson, 640 F.2d 474, 477 (3d Cir. 1981); Parham v. Johnson, 126 F.3d 454, 456-57 (3d Cir. 1997).  However,

---

[2] A cause of action for false arrest and the imprisonment incident to that arrest accrues when the allegedly wrongful arrest occurs and the limitations period begins to run when the false imprisonment comes to an end (i.e., when the victim becomes held pursuant to legal process - bound over by a magistrate or arraigned on charges.) Wallace v. Kato, 549 U.S. 384, 127 S.Ct. 1091, 1095 (2007).

5

representation by counsel may be appropriate under certain circumstances, if the Court finds that Plaintiff's claim has arguable merit in fact and law. Tabron v. Grace, 6 F.3d 147, 155 (3d Cir. 1993).

The Court should consider a number of factors when assessing a request for counsel, including: (1) Plaintiff's ability to present his or her own case; (2) the difficulty of the particular legal issues; (3) the degree to which factual investigation will be necessary and the ability of Plaintiff to pursue investigation; (4) Plaintiff's capacity to retain counsel on his own behalf; (5) the extent to which a case is likely to turn on credibility determinations; and (6) whether the case will require testimony from expert witnesses. Tabron v. Grace, 6 F.3d at 155-57; accord Parham, 126 F.3d at 457; Montgomery v. Pinchak, 294 F.3d 492, 499 (3d Cir. 2002).

Upon consideration of the record, the Court is not persuaded that the request for counsel is warranted at this time. It is unclear whether Plaintiff's claim has arguable merit. Moreover, Plaintiff appears to have the ability to present his claims and there is no evidence that prejudice will result in the absence of counsel. More importantly, this case is in its early stages and, should the need for counsel arise later, one can be appointed at that time. Therefore, the Court will deny without prejudice the request for counsel.

III.   CONCLUSION

The Court will dismiss all claims against Jesse McCrae, and will order Plaintiff to advise the Court of the status of his criminal case.  Plaintiff's request for counsel will be denied without prejudice.

```
                IN THE UNITED STATES DISTRICT COURT
                   FOR THE DISTRICT OF DELAWARE


ANTHONY WHITE,                      :   CIVIL ACTION
                                    :   NO. 08-606
         Plaintiff,                 :
                                    :
                                    :
    v.                              :
                                    :
DETECTIVE OFFICER CHRISTIAN         :
BROWN, et al.,                      :
                                    :
         Defendants.                :
```

### ORDER

**AND NOW**, this 12th day of November, 2008, for the reasons set forth in the preceding Memorandum Opinion, **IT IS HEREBY ORDERED** that:

1. The claims against Defendant Jesse McCrae are **DISMISSED** as frivolous and for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915(A)(b)(1). He is **DISMISSED** as a Defendant.

2. Plaintiff shall advise the Court of the status of the criminal case (i.e., December 24, 2006 robbery) within **TWENTY (20)** days from the date of this order. **Plaintiff is placed on notice that if he fails to timely provide the information, the Court will dismiss the case without prejudice.**

3. Plaintiff's request for counsel is **DENIED** without prejudice.

**AND IT IS SO ORDERED.**

                                              S/Eduardo C. Robreno

                                              **EDUARDO C. ROBRENO, J.**