```
           IN THE UNITED STATES DISTRICT COURT
             FOR THE DISTRICT OF DELAWARE

ANTHONY WHITE,                  :   CIVIL ACTION
                                :   NO. 08-606
         Plaintiff,             :
                                :
                                :
     v.                         :
                                :
DETECTIVE OFFICER CHRISTIAN     :
BROWN, et al.,                  :
                                :
         Defendants.            :
```

M E M O R A N D U M

EDUARDO C. ROBRENO, J.                         December 19, 2008

I.   BACKGROUND

Plaintiff Anthony White ("Plaintiff"), a prisoner currently confined at the James T. Vaughn Correctional Center in Smyrna, Delaware, filed this lawsuit pursuant to 42 U.S.C. § 1983 alleging violations of his constitutional rights. Plaintiff proceeds pro se and has been granted leave to proceed in forma pauperis.

Liberally construing the complaint, Plaintiff alleges that he was wrongfully imprisoned by Defendants Delaware State Police Detectives Christian Brown ("Brown") and Kline ("Kline") for a December 24, 2006 robbery. (D.I. 2.) Plaintiff alleges that the evidence proves that he could not have committed the crime. The complaint does not state if Plaintiff was convicted,

acquitted, or if the criminal case is on-going and, therefore, the court ordered Plaintiff to provide a status report. (D.I. 7.)

Plaintiff's response states that his mother had to waste her money on legal fees to prove his innocence, and that Detective Brown refused to apologize to Plaintiff's mother. (D.I. 8) From these statements, while not clear, it appears that the criminal matter resolved in Plaintiff's favor. Plaintiff also clarifies that this is a case of false imprisonment and malicious/vindictive prosecution.

II. DISCUSSION

    A.    <u>Standard for Sua Sponte Dismissal</u>

When a litigant proceeds <u>in forma pauperis</u>, 28 U.S.C. § 1915 provides for dismissal under certain circumstances. When a prisoner seeks redress from a government defendant in a civil action, 28 U.S.C. § 1915A provides for screening of the complaint by the Court. Both 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1) provide that the Court may dismiss a complaint, at any time, if the action is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant immune from such relief. An action is frivolous if it

"lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989).

The legal standard for dismissing a complaint for failure to state a claim pursuant to §§ 1915(e)(2)(B) and § 1915A is identical to the legal standard used when ruling on 12(b)(6) motions. Courteau v. United States, 287 Fed. Appx. 159, 162 (3d Cir. 2008); Allah v. Seiverling, 229 F.3d 220, 223 (3d Cir. 2000); Tourscher v. McCullough, 184 F.3d 236, 240 (3d Cir. 1999) (applying Fed. R. Civ. P. 12(b)(6) standard to dismiss for failure to state a claim under § 1915(e)(2)(B)). The Court must accept all factual allegations in a complaint as true and take them in the light most favorable to Plaintiff. Erickson v. Pardus, 127 S.Ct. 2197, 2200 (2007); Christopher v. Harbury, 536 U.S. 403, 406 (2002). A complaint must contain "'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atl. Corp. v. Twombly, 550 U.S. 554, 127 S.Ct. 1955, 1964 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957) and Fed. R. Civ. P. 8(a)(2)). Because Plaintiff proceeds pro se, his pleading is liberally construed and his complaint, "however inartfully pleaded, must be held to less stringent standards than

formal pleadings drafted by lawyers. Erickson, 127 S.Ct. at 2200 (citations omitted).

   B.   False Imprisonment

   Plaintiff alleges he was falsely imprisoned by Kline when, after a warrant issued, he was arrested in February 2007. "A false imprisonment claim under 42 U.S.C. § 1983 is based on the Fourteenth Amendment protection against deprivations of liberty without due process of law." Groman v. Twp. of Manalapan, 47 F.3d 628, 636 (3d Cir. 1995). Indeed, the United States Supreme Court recently noted that, "[f]alse arrest and false imprisonment overlap; the former is a species of the latter." Wallace v. Kato, 549 U.S. 384, 127 S.Ct. 1091, 1095 (2007). "[W]here the police lack probable cause to make an arrest, the arrestee has a claim under § 1983 for false imprisonment based on a detention pursuant to that arrest." Groman, 47 F.3d at 636; see also Anela v. City of Wildwood, 595 F. Supp. 511, 512 (D.N.J. 1984) (holding a person for any length of time without legal justification may be a violation of the right to liberty under the Fourteenth Amendment and thus states a claim of false imprisonment under § 1983).

   "[A]n arrest based on probable cause [cannot] become

4

the source of a [§ 1983] claim for false imprisonment." Groman, 47 F.3d at 636; see United States v. Smith, 468 F.2d 381 (3d Cir. 1972) (when a defendant is named in a bench warrant, probable cause for arrest exists, and any Fourth Amendment argument arising out of the arrest is without merit even if the bench warrant later turns out to be invalid.) Plaintiff does not state the particulars of his arrest other than to allege that Kline arrested him on robbery and weapons charges after a warrant issued for his arrest. Nor does Plaintiff state whether the warrant was issued based on a false affidavit filed by Defendants. See Franks v. Delaware, 438 U.S. 154, 155-56 (1978) (holding "where the defendant makes a substantial preliminary showing that a false statement knowingly and intentionally, or with reckless disregard for the truth, was included by the affiant in the warrant affidavit, and if the allegedly false statement is necessary to the finding of probable cause, the Fourth Amendment requires that a hearing be held at the defendant's request."). Accordingly, the Court will dismiss without prejudice the false imprisonment claim for failure to state a claim upon which relief may be granted.

    C.    Malicious/Vindictive Prosecution

Plaintiff alleges that Defendants sought to prosecute him even though he told them it was a case of mistaken identity and he was innocent. Plaintiff further alleges that Brown kept telling him "just to admit to it." (D.I. 8.)

"A claim for malicious prosecution requires proof of each of the following elements: (1) prior institution or continuation of some regular judicial proceedings against plaintiff in this action; (2) such former proceedings must have been by, or at the instance of the defendant in this action; (3) the former proceedings must have terminated in favor of the plaintiff herein; (4) there must have been malice in instituting the former proceedings; (5) there must have been a lack of probable cause for the institution of the former proceedings; [and] (6) there must have been injury or damage to plaintiff from the former proceedings." Wiers v. Barnes, 925 F. Supp. 1079, 1093 (D. Del. 1996) (citing Stidham v. Diamond State Brewery, 21 A.2d 283, 285 (Del. Super. Ct. 1941)); see also Estate of Smith v. Marasco, 318 F.3d 497, 521 (3d Cir. 2003).

Plaintiff has alleged that Defendants initiated a criminal proceeding against him and that the criminal proceeding ended in his favor. As the complaint now stands, it does not allege that Defendants initiated the proceeding without probable

cause, acted maliciously or for a purpose other than bringing Plaintiff to justice, or that Plaintiff suffered deprivation of liberty consistent with the concept of seizure as a consequence of a legal proceeding.  Accordingly, the Court will dismiss without prejudice the malicious prosecution for failure to state a claim upon which relief may be granted.

III. CONCLUSION

     It may be that, upon amendment, Plaintiff could set forth facts sufficient to cure his pleading deficiencies. Therefore, the Court will dismiss the Complaint without prejudice and will allow Plaintiff to amend.

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| ANTHONY WHITE, | : | CIVIL ACTION |
| | : | NO. 08-606 |
| Plaintiff, | : | |
| v. | : | |
| DETECTIVE OFFICER CHRISTIAN BROWN, et al., | : | |
| Defendants. | : | |

## ORDER

**AND NOW**, this 19th day of December, 2008, for the reasons set forth in the preceding Memorandum Opinion, **IT IS HEREBY ORDERED** that:

1. The complaint is **DISMISSED** without prejudice for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915(A)(b)(1).

2. Plaintiff is given leave to **AMEND** the complaint. The amended complaint shall be filed within **thirty (30) days** from the date of this Order. If an amended complaint is not filed within the time allowed, then the case will be **CLOSED**.

**AND IT IS SO ORDERED.**

S/Eduardo C. Robreno
**EDUARDO C. ROBRENO, J.**